## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 06-20094-04-KHV** |
| ANTHONY J. MARRERO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On May 30, 2006, the government filed a criminal complaint which charged five individuals with two attempted bank burglaries. On June 21, 2006 a grand jury returned a three-count indictment which charged Anthony Marrero and others with three attempted bank burglaries. On June 9, 2006, after a detention hearing, Magistrate Judge David J. Waxse ordered that defendant be released pending trial. See Order (Doc. #35) filed June 12, 2006. Judge Waxse stayed the release order pending resolution of the government's oral motion to review the magistrate's ruling. This matter is before the Court on the government's Application For Stay Of Magistrate Judge's Release Order And Motion To Review Release Order (Doc. #33) filed June 12, 2006. On June 30, 2006, the Court held a hearing on the government's motion. For reasons set forth below, the Court finds that defendant should be detained pending trial.

## Standard of Review

The government may seek review of a magistrate judge's order of release. See 18 U.S.C. § 3145(a)(1). The district court reviews *de novo* a magistrate judge's order of release. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own *de novo* determination of the facts and legal conclusion

with no deference to the magistrate judge's findings.  See Lutz, 207 F. Supp.2d at 1251.  A *de novo* evidentiary hearing, however, is not required.  See id.  The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted.  United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991).  The Federal Rules of Evidence do not apply to detention hearings.  See 18 U.S.C. § 3142(f).  The Court may allow the parties to present information by proffer or it may insist on direct testimony.  See id.  The Court also may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there.  Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

### Standards For Detention

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); id. § 3142(b), (c).  A judicial officer may make such a finding only after holding a hearing according to the procedures specified in § 3142(f), and the government bears the burden of proof at that hearing.  The government must prove risk of flight by a preponderance of the evidence.  Burks, 141 F. Supp.2d at 1286.  The government must prove dangerousness to any other person or the community by clear and convincing evidence.  See 18 U.S.C. § 3142(f).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the district court must take into account the available information concerning–

>(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a narcotic drug;

2

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including–
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

**Analysis**

At the hearing on June 30, 2006, the Court heard the testimony of defendant's mother, Mary Marrero. In addition, the Court incorporates the record of the detention hearing conducted by Judge Waxse. After carefully considering the applicable factors, the Court finds that defendant should be detained pending trial.[1]

## I.    Nature and Circumstances of the Offense

Defendant is charged with three attempts of bank burglary. Burglary is a crime of violence. See United States v. Lucio-Lucio, 347 F.3d 1202 (10th Cir. 2003).

## II.    Weight Of The Evidence

_____

[1]    Pursuant to 18 U.S.C. § 3142(i), this memorandum and order constitutes the Court's written findings of fact and reasons for detention.

The weight of evidence against defendant is strong. The government has evidence that defendant admitted to committing at least one of the offenses. The evidence against defendant weighs in favor of detention pending trial.

## III.   History And Characteristics Of Defendant

Defendant has been a lifelong resident of Omaha, Nebraska. He is single, and his girlfriend is expecting a child. Until April of 2006, defendant lived with his mother. Since then, he has been in and out of her home sporadically. Defendant is a brittle diabetic and uses insulin four times daily. Defendant admits having some substance abuse history. Defendant is not employed. In December of 2005, defendant was charged with shoplifting in municipal court in Omaha, Nebraska. In January of 2006, defendant was charged with theft by unlawful taking in Douglas County, Nebraska. On one occasion, defendant failed to appear in this matter, but he was hospitalized due to diabetes at that time. In February of 2006, after he allegedly called a police officer and threatened to kill him, his wife and children, defendant was charged with making a terroristic threat in Sarpy County, Nebraska. In April of 2006, defendant was again charged with shoplifting in municipal court in Omaha, Nebraska. In May of 2006, in Johnson County, Kansas District Court, defendant was charged with two counts of felony criminal damage to property and two counts of burglary. These counts have been dismissed in lieu of federal prosecution. To some extent, defendant's family ties, which essentially consist of his relationship with his mother, favor his release pending trial. On the other hand, his lack of employment history and criminal history suggest a high risk of flight, so that detention is appropriate.

## IV.   Danger to the Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government has

4

presented evidence that defendant may pose a risk of physical danger to the community, and that the high risk that defendant will commit additional crimes is sufficient to detain him. The government presented evidence that after law enforcement arrested defendant on the current charges, he placed a monitored telephone call from CCA to communicate a threat to the individual who he believed was responsible for his arrest. In addition, even after defendant's first arrest for shoplifting, he continued to commit additional crimes and threatened to kill a police officer who was investigating one of the charges. Based on his alleged conduct, the Court cannot predict that defendant would abandon his unlawful conduct or that he does not pose a threat to the safety of individuals or the community.

## V.     Conclusion

Based upon the testimony at the hearing and the record of the detention hearing before the magistrate judge, the Court concludes that no set of conditions of release will assure defendant's pretrial presence and protect the community from the danger of additional crimes. The government has carried its burden of proving that pretrial detention is warranted.

**IT IS THEREFORE ORDERED** that the government's Application For Stay Of Magistrate Judge's Release Order And Motion To Review Release Order (Doc. #33) filed June 12, 2006 be and hereby is **SUSTAINED**. Defendant shall remain in detention pending trial.

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. §§ 3142(i)(2)-(4), defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States, or on request of any attorney for the Government, the person in charge of the corrections facility

in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 12th day of July, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge